IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARL W. BAILEY, SR.,, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-287-CV-W-DW |
| ) | |
| BAYER CROPSCIENCE, LP, ET AL,, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendants' Motion for Summary Judgment. (Doc. 46). Plaintiff's Complaint states one claim for "Emotional Distress." The parties dispute whether this is a claim for defamation or for intentional infliction of emotional distress. Regardless of the characterization, however, Plaintiff fails to create a genuine of issue of material fact.

**Facts**

Defendant Bayer CropScience ("Bayer") operates a pesticide manufacturing facility in Kansas City, Missouri. Bayer employed Plaintiff Carl Bailey from 1996 to December 2003. Plaintiff was originally hired in the production area of the facility but was working as a security guard in December 2001. At that time, Greg Moerer ("Moerer") was the Bayer supervisor with overall responsibility for the security guards. Jamie Jackson ("Jackson") was a supervisor in Bayer's Human Relations Department.

On December 19, 2001, Jackson and Moerer called Bailey into the Personnel Office to question him. Plaintiff was taken into an office by Moerer and Jackson. Jackson informed Plaintiff that someone had accused him of sexual harassment. Jackson and Moerer did not

specify who the accuser was or specify the allegations. Plaintiff believed, based on the manner he was told, that the accuser was female. In response to Bailey's assumption that the accuser was female, Moorer and/or Jackson informed Bailey that the accuser was male. Bailey was then informed that Michael Shipley, a social acquaintance of Plaintiff's, was the accuser.

Plaintiff alleges that he spoke to Michael Shipley and that Mr. Shipley stated that he never made any accusation of sexual harassment. Plaintiff claims that Mr. Shipley also said that Moerer and Jackson had threatened Shipley's job if he did not collaborate the purported allegation.

**Standard of Review**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law. See Fed. R. Civ. P. 56. Issues of fact must be material to a resolution of the dispute between the parties; where the only disputed issues of fact are immaterial to the resolution of the legal issues, summary judgement is appropriate. Case v. ADT Automotive, 17 F. Supp. 2d 1077 (W.D. Mo. 1997), citing Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court must deny the motion, regardless of the non-moving party's response, if the moving party fails to meet its initial burden. Id.

Once the initial burden is met, the burden shifts to the nonmovant to set forth specific facts by affidavit or other evidence showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Nonmovant may not rest on the mere allegations of its pleadings. Id. It is the

court's obligation, however, to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences.

**Intentional Infliction of Emotional Distress Claim**

To state a claim for emotional distress, Plaintiff must plead "extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." Nazeri v. Missouri Valley College, 860 S.W.2d 303, 316 (Mo. 1993). A claim for intentional infliction of emotional distress ("IIED") does not lie where the offending conduct consists only of defamation. Rice v. Hodapp, 919 S.W.2d 240, 245 (2007). Nor may plaintiffs state an action under Missouri law for emotional distress resulting from termination. Id. To do so would allow plaintiffs to undermine Missouri's doctrine of at-will employment. Id.; Giddings v. Shalom Geriatric Center, Inc., 1988 WL 52221 (W.D.Mo. 1988) (no claim for IIED for circumstances surrounding discharge).

Realizing that he cannot state an IIED for defamation or termination, Plaintiff states that his claim for emotional distress lies in the fact that Defendant "(a) call[ed] Bailey into the Personnel Office, (b) [told] him a sexual harassment complaint had been filed when the complainant disputes that fact, (c) permit[ted] him to guess blindly as to whom the accuser was and what the harassing conduct was, and (d) finally . . . falsely accuse[d] him of being gay and of having made unwanted sexual advances toward another male employee. "

Even if one were to construe the above allegations as being separate from a defamation claim, Plaintiff fails to create a genuine issue of fact as to whether Defendants' behavior rises to the requisite level for a claim of intentional infliction of emotional distress. The only evidence that Plaintiff argues supports the "outrageous" behavior is that Defendants called Plaintiff into the Personnel Office and accused him, allegedly without justification, as to sexual harassment.

Conduct of this nature, however, is not that which rises to the level of going "beyond all possible bounds of decency. . ." Keathly v. Ameritech Corp., 187 F. 3d 915, 925-26 (8th Cir. 1999). As the 8th Circuit has already found, even where the record supports that an employer contrived reasons to justify dismissal, this is not the "sort of behavior held by Missouri courts to support an action for intentional infliction of emotional distress." Id.

Plaintiff has not presented any evidence that Moerer or Jackson were abusive, raised their voices or presented themselves in a manner reflecting a plan to cause Plaintiff emotional harm. *Compare* Polk v. INROADS/St. Louis, Inc., 951 S.W.2d 646, 648 (Mo.App. E.D.,1997) (employer's behavior was outrageous where the employer's actions, including having plaintiff followed at work, even to the restroom, and making at least six prank phone calls to plaintiff's home within a four hour period while she was on sick leave, reflected a calculated plan to cause emotional harm).

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED. (Doc. 46).

Date:   October 23, 2007                                /s/ Dean Whipple
                        Dean Whipple
                    United States District Judge